IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Susan Clark, ) | |
| ) | C.A. No. 6:23-00289-HMH-JDA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Tommy Christopher d/b/a Tommy's ) | |
| Heating and Air; Thirteenth Circuit ) | |
| Solicitor's Office; Paula Carpenter, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02. In her complaint, Plaintiff Susan Clark ("Clark") asserts various claims under South Carolina state law and 42 U.S.C. § 1983. Clark's claims arise from her arrest and prosecution on a worthless-check charge that was ultimately dismissed.

After removing to federal court, Defendants Paula Carpenter ("Carpenter") and the Thirteenth Circuit Solicitor's Office (the "Solicitor's Office") moved to dismiss Clark's complaint for failure to state a claim. In her Report and Recommendation dated July 6, 2023, Magistrate Judge Austin recommends denying the Defendants' motion because (1) neither Defendant is entitled to absolute immunity; (2) the Solicitor's Office has waived its Eleventh Amendment immunity; and (3) Carpenter is not entitled to qualified immunity. For the reasons that follow, the court adopts Magistrate Judge Austin's Report and Recommendation and denies the Defendants' motion.

1

## I. Background

In February 2021, Clark hired Defendant Tommy Christopher d/b/a Tommy's Heating and Air ("Christopher") to perform work on her home's HVAC system. (Not. Removal Attach. 1 (Compl. ¶ 10), ECF No. 1-1.) The parties' agreement contemplated that Clark would make an initial payment of $5,000, with the balance due upon completion of the work. (Id. Attach. 1 (Compl. ¶ 11), ECF No. 1-1.)

After paying the final balance, Clark discovered "numerous problems with the job," including Christopher's failure to "provide warranty paperwork," "install the correct air conditioning unit," and otherwise "complete the job as set out in the February contract." (Id. Attach. 1 (Compl. ¶¶ 12-13), ECF No. 1-1.) Clark also discovered that Christopher "was not licensed in South Carolina to handle the work for which the [parties] had contracted." (Id. Attach. 1 (Compl. ¶ 15), ECF No. 1-1.) Because of this, Clark informed Christopher on March 16, 2021, "that she had placed a stop payment on the check for the final balance and would not pay in full until the job was done as required by the contract, proper paperwork related to the job was presented, and proof of licensure was provided." (Id. Attach. 1 (Compl. ¶ 17), ECF No. 1-1.) Christopher responded via email a few days later, offering to "[r]emove the incorrect air conditioning unit . . . and install the correct unit," "[c]orrectly adjust the unit," "[o]btain a statement from an actual licensed contractor to stand behind any work" already performed, "[h]ave a licensed contractor perform any repairs necessary," and "[r]emain at the job site until all work [was] completed." (Not. Removal Attach. 1 (Compl. ¶ 18), ECF No. 1-1.) Clark followed up the next day with "a list of outstanding items to be provided and tasks required to complete the installation" consistent with the parties' original agreement. (Id. Attach. 1 (Compl. ¶ 20), ECF No. 1-1.)

On April 6, 2021, an agent of Christopher filed a report with the Solicitor's Office's Worthless Check Unit claiming that Clark had written a worthless check. (Id. Attach. 1 (Compl. ¶ 21), ECF No. 1-1.) About a week later, Defendant Carpenter, a non-attorney employee with the Solicitor's Office, sent Clark a "Final Notice" stating that "her check to . . . Christopher had been dishonored" and that "a warrant would be issued for her arrest if she did not pay the check in full." (Id. Attach. 1 (Compl. ¶ 22), ECF No. 1-1.) Clark responded via email on April 19, 2021. She explained that the parties were engaged in a legitimate contract dispute and sent "multiple documents" in support of her position. (Id. Attach. 1 (Compl. ¶ 23), ECF No. 1-1.) Carpenter apparently acknowledged receiving Clark's April 19 email. (Not. Removal Attach. 1 (Compl. ¶ 24), ECF No. 1-1.)

Nevertheless, on April 27, 2021, Carpenter, acting on behalf of the Solicitor's Office, swore under oath to a Greenville County magistrate that Clark had "intended to defraud [Christopher] by writing a check that was dishonored" and had failed to respond to the Final Notice. (Id. Attach. 1 (Compl. ¶ 26), ECF No. 1-1.) The complaint asserts that Carpenter knew that her statements to the magistrate were false and that the magistrate would not have issued the warrant had he "been provided with the truth." (Id. Attach. 1 (Compl. ¶¶ 28-31), ECF No. 1-1.)

In the early morning hours of June 3, 2021, officers with the Greenville County Sheriff's Office arrived at Clark's home to execute the arrest warrant. (Id. Attach. 1 (Compl. ¶ 33), ECF No. 1-1.) Clark was "publicly arrested in front of her neighbors," was strip searched, and "remained in custody for an entire day." (Id. Attach. 1 (Compl. ¶ 33), ECF No. 1-1.) Clark's prosecution continued until January 27, 2022, when "an assistant solicitor finally agreed to dismiss th[e] case." (Not. Removal Attach. 1 (Compl. ¶ 34), ECF No. 1-1.)

## II. LEGAL STANDARDS

### A. Review of a Report and Recommendation

A report and recommendation carries no "presumptive weight," and the responsibility for making a "final determination" remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). To trigger de novo review, a party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). In the absence of specific objections, the court reviews only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### B. Rule 12(b)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). In reviewing the complaint, the court "must accept the factual allegations of the complaint as true

4

and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018).

### III. DISCUSSION

Carpenter and the Solicitor's Office object only to the magistrate judge's conclusion that the two Defendants are not entitled to absolute immunity. They argue that absolute immunity should apply because Carpenter was acting under the direction of the Thirteenth Circuit Solicitor pursuant to the statutorily created Worthless Check Unit when she attested to the truth of the allegations supporting Clark's arrest warrant. (Obj. 15-17, ECF No. 25.) The court disagrees.

Nearly fifty years ago, the Supreme Court first held that prosecutors enjoy absolute immunity from § 1983 suits for acts "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The Court explained that the protection arises in part from a "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. at 422-23.

Since Imbler, the Court has employed a "functional approach" in deciding whether an individual is entitled to absolute immunity.[1] Burns v. Reed, 500 U.S. 478, 486 (1991). This inquiry "looks to the nature of the function performed, not the identity of the actor who

---

[1] As Magistrate Judge Austin noted, the same functional approach applies when determining whether a prosecutor is entitled to absolute immunity under South Carolina law. See Williams v. Condon, 553 S.E.2d 496, 509 (S.C. Ct. App. 2001) ("We hold a prosecutor in the employ of this state is immune from personal liability under . . . the South Carolina Tort Claims Act for actions relating to the prosecution of an individual as a criminal defendant—regardless of the prosecutor's motivation—provided the actions complained of were committed while the prosecutor was acting as an 'advocate,' as defined by *Imbler v. Pachtman* and its progeny." (emphasis removed)).

performed it."[2]  Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (internal quotation marks omitted).  In applying this approach, the Supreme Court has distinguished between "advocative functions," which receive absolute immunity, and "investigative or administrative functions," which do not.  Nero v. Mosby, 890 F.3d 106, 118 (4th Cir. 2018).  For example, the Supreme Court has held that prosecutors act in an advocative capacity when deciding whether evidence is "sufficiently strong to justify a probable-cause finding," Kalina v. Fletcher, 522 U.S. 118, 130 (1997), "presenting evidence in support of a motion for a search warrant," Burns, 500 U.S. at 491, preparing and filing charging documents, Kalina, 522 U.S. at 130, and "presenting the State's case" at trial, Imbler, 424 U.S. at 431.  By contrast, the Court has held that prosecutors act outside their roles as advocates when supplying legal advice to police during a pretrial investigation, Burns, 500 U.S. at 492-96, making statements to the press, Buckley, 509 U.S. at 277, and fabricating evidence during the preliminary investigation of an unsolved crime, id. at 275.

The resolution of the absolute immunity question in this case is controlled by Kalina.  There, the Supreme Court denied absolute immunity to a Washington state prosecutor who "personally vouched for the truth of the facts set forth in [a probable-cause] certification under penalty of perjury."  Kalina, 522 U.S. at 121, 131.  In so doing, the Court rejected the prosecutor's argument "that the execution of the certificate was just one incident in a presentation that, viewed as a whole, was the work of an advocate and was integral to the

---

[2] The court assumes for argument's sake that absolute immunity extends to non-attorney employees when they perform functions closely associated with the judicial process.  See Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995); Davis v. Grusemeyer, 996 F.2d 617, 631 (3d Cir. 1993), overruled on other grounds by Rolo v. City Investing Co. Liquidating Tr., 155 F.3d 644 (3d Cir.1998).

6

initiation of the prosecution." Id. at 130. "Testifying about facts," the Court explained, "is the function of the witness, not of the lawyer." Id.

> No matter how brief or succinct it may be, the evidentiary component of an application for an arrest warrant is a distinct and essential predicate for a finding of probable cause. Even when the person who makes the constitutionally required 'Oath or affirmation' is a lawyer, the only function that she performs in giving sworn testimony is that of a witness.

Id. at 130-31.

The complaint in this case alleges that Carpenter falsely "swore under oath" before a state court magistrate that Clark "had intended to defraud [Christopher] by writing a check that was dishonored" and had failed to respond to the Final Notice. (Not. Removal Attach. 1 (Compl. ¶ 26, ECF No. 1-1.) By certifying under oath that these statements were true, Carpenter was functioning as a "complaining witness" rather than as an "advocate." Kalina, 522 U.S. at 131. The magistrate correctly concluded as much and thus did not err in finding that Carpenter and the Solicitor's Office are not entitled to absolute immunity on Clark's claims. Accordingly, the Defendants' sole objection is without merit.

## IV. CONCLUSION

Having reviewed de novo the portions of the Report and Recommendation to which the Defendants objected, and having reviewed the remaining portions for clear error, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the Defendants' motion to dismiss, document number 6, is denied.

**IT IS SO ORDERED.**

                                                             s/ Henry M. Herlong, Jr.
                                                             Senior United States District Judge

Greenville, South Carolina
August 1, 2023